## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNYSYLVANIA

| | |
|---|---|
| ABBEY ZINK, PH.D. | **Case No.** |
|      Complainant, | Docket No. 2:22-CV-1170 |
| vs. | The Honorable W. Scott Hardy |
| THE PENNSYLVANIA STATE SYSTEM OF HIGHER EDUCTION, SLIPPERY ROCK UNIVERSITY OF PENNSYLVANIA, and WILLIAM BEHRE. | |
|      Defendants. | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS THE PENNSYLVANIA STATE SYSTEM OF HIGHER EDUCATION, SLIPPERY ROCK UNIVERSITY OF PENNSYLVANIA, AND WILLIAM BEHRE TO PLAINTIFF'S AMENDED COMPLAINT

AND NOW, Defendants The Pennsylvania State System of Higher Education (hereinafter individually referred to as "PASSHE"), Slippery Rock University of Pennsylvania (hereinafter individually referred to as "SRU"), and William Behre, hereinafter collectively referred to as "the Defendants," by and through the undersigned counsel, Clark Hill PLC, hereby makes the following response to the specifically numbered paragraphs of the Plaintiff's Amended Complaint and setting forth various subsequent affirmative defenses, averring as follows:

### I.  PARTIES

1.    After reasonable investigation, the Defendants are without sufficient information or belief as to the allegations in Paragraph 1 of the Plaintiff's Amended Complaint, and therefore deny them.

2.    Admitted.

3.      Admitted.

4.      Admitted.

5.      The Defendants admit that Dr. Zink is a former employee of SRU that, in her role at pertinent times as SRU Provost, reported to President Behre.  All remaining allegations in Paragraph 5 of the Plaintiff's Amended Complaint are denied.

## II.  JURISDICTION

6.      The allegations in Paragraph 6 of the Plaintiff's Amended Complaint set forth a legal conclusion to which no response is required.  To the extent a response is required, the Defendants acknowledge that jurisdiction over the matters set forth in the Plaintiff's Amended Complaint is proper in this Court.

## III.  VENUE

7.      The allegations in Paragraph 7 of the Plaintiff's Amended Complaint set forth a legal conclusion to which no response is required.  To the extent a response is required, the Defendants acknowledge that venue is proper in this Court.

## IV.  ADMINISTRATIVE EXHAUSTION

8.      The Defendants answer that the contents of the administrative charge which the Plaintiff filed with the U.S. Equal Employment Opportunity Commission speak for themselves.

9.      The Defendants answer that the contents of the administrative charge which the Plaintiff filed with the U.S. Equal Employment Opportunity Commission speak for themselves.

10.     Admitted.

11.     After reasonable investigation, the Defendants are without sufficient information or belief as to the allegations in Paragraph 11 of the Plaintiff's Amended Complaint, and therefore deny them.

## V. FACTS

12.     Upon information and belief, admitted.

13.     Upon information and belief, admitted.

14.     Upon information and belief, admitted.

15.     Admitted.

16.     Admitted.

17.     The Defendants aver that pursuant to the terms of the Collective Bargaining Agreement between PASSHE and the Association of State College and University Faculties, certain individuals appointed as at-will managers may also be awarded tenure with the assent of University departments.   The Defendants further aver that the Plaintiff's appointment letter expressly provided that she would only receive tenured faculty status if she was placed in a faculty position.   By way of further Answer, the contents of any email from Dr. Danette Demarco on December 11, 2019 speak for themselves.   Any remaining allegations in Paragraph 17 of the Plaintiff's Amended Complaint are denied.

18.     Upon information and belief, admitted.

19.     Denied.

20.     Admitted.

21.     Admitted.

22.     Admitted.

23.     The Defendants admit that the Plaintiff had some oversight during her employment with SRU in the areas set forth in subparts (a) through (h) of Paragraph 23 of the Plaintiff's Amended Complaint.   By way of further answer, Dr. Zink had other responsibilities and oversight

at all pertinent times while employed with SRU beyond those identified in subparts (a) through (h) of Paragraph 23 of the Plaintiff's Amended Complaint.

24.     The Defendants deny the allegations in Paragraph 24 of the Plaintiff's Amended Complaint inclusive of subparagraphs (a) through (j) which characterize the "accomplishments" listed, and to the extent the allegations in subparagraphs (a) through (j) imply any single responsibility for the "accomplishments" listed.  Any remaining allegations in Paragraph 24 of the Plaintiff's Amended Complaint, inclusive of subparagraphs (a) through (j) therein, are denied.

25.     Denied.

26.     The Defendants admit that President Behre provided Dr. Zink a performance evaluation on February 1, 2022, which speaks for itself.  The Defendants deny all remaining allegations in Paragraph 26 of the Amended Complaint, including but not limited to those which characterize the evaluation.

27.     The Defendants admit that Dr. Zink received a raise on February 7, 2022.  The Defendants deny all remaining allegations in Paragraph 27 of the Amended Complaint.

28.     The Defendants admit that, prior to Dr. Zink's employment, SRU launched new programs in engineering and health professions.  The Defendants deny all remaining allegations in Paragraph 28 of the Amended Complaint.

29.     Denied.

30.     Denied.

31.     The Defendants admit that two of the engineering programs SRU launched were in mechanical and civil engineering.

32.     Admitted.

33.     The Defendants admit that students in the mechanical and civil engineering programs paid extra per credit, but deny the remaining allegations in Paragraph 33 of the Plaintiff's Amended Complaint.

34.     Denied.

35.     Denied.

36.     After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of Dr. Zink's state of mind, and therefore denies the allegations in Paragraph 36 of the Plaintiff's Amended Complaint.

37.     Denied.

38.     Denied.

39.     Admitted.

40.     Admitted.

41.     The Defendants answer that the contents of any email from Dr. Zink to SRU Trustee Matthew Lautman on March 3, 2022 speak for themselves.   The Defendants deny any other allegations in Paragraph 41 of the Plaintiff's Amended Complaint.

42.     Upon information and belief, admitted.

43.     The Defendants answer that the contents of any email from Dr. Zink to President Behre on March 4, 2022 speak for themselves.   The Defendants deny any other allegations in Paragraph 43 of the Plaintiff's Amended Complaint.

44.     The Defendants answer that the contents of any email from Dr. Zink to President Behre on March 4, 2022 speak for themselves.

45.     The Defendants Answer that completing the civil and mechanical engineering labs was a matter of importance for several reasons.  The Defendants deny any other allegations in Paragraph 45 of the Plaintiff's Amended Complaint.

46.     Admitted.  By way of further answer, the Defendants aver that the programs are not yet eligible for accreditation.

47.     The Defendants admit that accreditation eligibility will be assessed following the graduation of the first cohort of students in the mechanical and civil engineering programs.  Any other allegations in Paragraph 47 of the Plaintiff's Amended Complaint are denied.

48.     After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of Dr. Zink's state of mind, and therefore denies the allegations in Paragraph 48 of the Plaintiff's Amended Complaint.

49.     After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of Dr. Zink's state of mind, and therefore denies the allegations in Paragraph 49 of the Plaintiff's Amended Complaint.

50.     After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of Dr. Zink's state of mind, and therefore denies the allegations in Paragraph 50 of the Amended Complaint.  By way of further Answer, the Defendants specifically deny that President Behre had any lack of interest pertaining to any aspect of the development or accreditation of the mechanical or engineering programs at SRU.

51.     The Defendants admit that the Physician's Assistant Program was on probation for a period of time.  All remaining allegations in Paragraph 51 of the Plaintiff's Amended Complaint are denied.

52.     After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52 of the Plaintiff's Amended Complaint and therefore deny them.

53.     Denied.

54.     The Defendants admit that President Behre had discussions with the Plaintiff about adjusting the size of the annual Physicians' Assistant Program admissions cohort in relation to the struggles of certain students in the program.  Any remaining allegations in Paragraph 54 of the Plaintiff's Amended Complaint are denied.

55.     After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55 of the Plaintiff's Amended Complaint and therefore deny them.

56.     The Defendants admit that the decision to admit students into the Masters in Social Work program and to allow them to enroll in classes prior to their candidacy status was made prior to the Plaintiff's arrival.  Any remaining allegations in Paragraph 56 of the Plaintiff's Amended Complaint are denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     The Defendants admit that during her tenure as Provost, the Plaintiff had certain conversations with President Behre about student complaints in the program.  Any remaining allegations in Paragraph 60 of the Plaintiff's Amended Complaint are denied.

61.     After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of Dr. Zink's state of mind, and

therefore deny the allegations in Paragraph 61 of the Plaintiff's Amended Complaint which allege matters attributable to it.  Any remaining allegations in Paragraph 61 of the Plaintiff's Amended Complaint are denied.

62.     The Defendants admit that students in the PA program must pass End of Rotation Exams to graduate from the program.  Any remaining allegations in Paragraph 62 of the Plaintiff's Amended Complaint are denied.

63.     Denied.

64.     The Defendants admit that there were discussions about a Facilities Master Plan at a cabinet retreat in 2021, but deny all remaining allegations in Paragraph 64 of the Plaintiff's Amended Complaint.

65.     After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55 of the Plaintiff's Amended Complaint regarding what Facilities Master Plans include "on most campuses."  By way of further Answer, the Defendants aver that there are many purposes to a Facilities Master Plan, including but not limited to those pertaining to students and resources.  Any remaining allegations in Paragraph 65 of the Plaintiff's Amended Complaint are denied.

66.     Denied.

67.     Admitted.

68.     The Defendants admit that the decision was made to no longer move the Physical Therapy Program to Harrisville.  Any remaining allegations in Paragraph 68 of the Plaintiff's Amended Complaint are denied.

69.     Denied.

70.     The Defendants answer that the contents of any email from Chief Financial and Data Officer Carrie Birckbichler to the Plaintiff on March 24, 2022 speak for themselves.  The Defendants deny any other allegations in Paragraph 70 of the Plaintiff's Amended Complaint.

71.     Denied.

72.     The Defendants admit that graduation from an accredited Masters in Social Work program is a licensure requirement in certain states.  The remaining allegations in Paragraph 72 of the Plaintiff's Amended Complaint are denied.

73.     The Defendants admit that SRU contemplated halting admissions into its Masters of Social Work programs.  Any remaining allegations in Paragraph 73 of the Plaintiff's Amended Complaint are denied.

74.     The Defendants admit that SRU's Masters in Social Work program was successfully accredited in 2021.  The remaining allegations in Paragraph 74 of the Plaintiff's Amended Complaint are denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of Dr. Zink's state of mind, and therefore deny the allegations in Paragraph 79 of the Plaintiff's Amended Complaint which allege matters attributable to it.  Any remaining allegations in Paragraph 79 of the Plaintiff's Amended Complaint are denied.

80.     Denied.

81.     Denied.

82.     Admitted.

83.     Denied.

84.     The Defendants admit that SRU added civil and mechanical engineering programs to its curriculum and admitted students into those programs.  The remaining allegations in Paragraph 84 of the Plaintiff's Amended Complaint are denied.

85.     Denied.

86.     Denied.

87.     Admitted.

88.     The Defendants admit that CPP financials were discussed at the September 24, 2021 Council of Trustees meeting.  Any remaining allegations in Paragraph 88 of the Plaintiff's Amended Complaint are denied.

89.     Denied.

90.     Upon information and belief, the Defendants admit that CPP financials were discussed on November 12, 2021.  Any remaining allegations in Paragraph 90 of the Plaintiff's Amended Complaint are denied.

91.     The Defendants admit that President Behre spoke to the projected dramatic decrease in institutional financial aid and whether it might or might not occur.  Any remaining allegations in Paragraph 91 of the Plaintiff's Amended Complaint are denied.

92.     Denied.

93.     After reasonable investigation, the Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 93 of the Plaintiff's Amended Complaint, and therefore deny them.

94.     The Defendants admit that discussions about finances, enrollment, and diversity occurred across multiple levels in the normal course at SRU among the President, other Cabinet level officials, and the Council of Trustees.  Any remaining allegations in Paragraph 94 of the Plaintiff's Amended Complaint are denied.

95.     The Defendants admit that on February 21, 2022, Dr. Mohammadi sent a letter to the PASSHE Chancellor's office.  By way of further answer, the letter speaks for itself.  Any remaining allegations in Paragraph 95 of the Plaintiff's Amended Complaint are denied.

96.     The Defendants admit that PASSHE engaged a nationally recognized auditing and accounting firm, CliftonLarsenAllen (CLA), to look into certain matters set forth in Dr. Mohammadi's February 21, 2022 letter to the PASSHE Chancellor's office, as it was already performing services for PASSHE under an existing contract.  By way of further answer, the SRU Council of Trustees requested a copy of the resulting confidential investigative report issued by CLA, but as the Council was not entitled to receive a copy of the report, the request was denied. Any remaining allegations in Paragraph 96 of the Plaintiff's Amended Complaint are denied.

97.     After reasonable investigation, the Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 98 of the Plaintiff's Amended Complaint, and therefore deny them.

98.     After reasonable investigation, the Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 98 of the Plaintiff's Amended Complaint, and therefore deny them.

99.     Admitted.

100.    The Defendants answer that any email sent by the Plaintiff to President Behre on March 24, 2022 speaks for itself.  Any remaining allegations in Paragraph 100 of the Plaintiff's Amended Complaint are denied.

101.    The Defendants answer that any email sent by President Behre to the Plaintiff on March 25, 2022 speaks for itself.  Any remaining allegations in Paragraph 101 of the Plaintiff's Amended Complaint are denied.

102.    The Defendants answer that any email sent by the Plaintiff to President Behre on March 25, 2022 speaks for itself.  Any remaining allegations in Paragraph 102 of the Plaintiff's Amended Complaint are denied.

103.    The Defendants answer that any email sent by the Plaintiff to President Behre on March 25, 2022 speaks for itself.  Any remaining allegations in Paragraph 103 of the Plaintiff's Amended Complaint are denied.

104.    To the extent the allegations in Paragraph 104 of the Plaintiff's Amended Complaint refer to the email referenced in Paragraph 103 of the Amended Complaint, the Defendants answer that any email sent by the Plaintiff to President Behre on March 25, 2022 speaks for itself.  Any remaining allegations in Paragraph 104 of the Plaintiff's Amended Complaint are denied.

105.    Denied.

106.    After reasonable investigation, the Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 106 of the Plaintiff's Amended Complaint, and therefore deny them.

107.    The Defendants admit that President Behre removed the Plaintiff as Provost of SRU on April 4, 2022.  Any remaining allegations in or implied by Paragraph 107 of the Plaintiff's

Amended Complaint, including but not limited to the allegation that the Plaintiff's removal as Provost was in any way connected to complaints she raised or participation in any investigation, are denied.

108.     The Defendants admit that the Plaintiff was provided with a settlement agreement during a meeting on April 4, 2022.  Any remaining allegations in Paragraph 108 of the Plaintiff's Amended Complaint are denied.

109.     Denied.

110.     After reasonable investigation, the Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 110 of the Plaintiff's Amended Complaint, and therefore deny them.

111.     Denied.

112.     The Defendants answer that any email sent by the Office of the President of SRU on April 4, 2022 speaks for itself.  Any remaining allegations in Paragraph 112 of the Plaintiff's Amended Complaint are denied.

113.     The Defendants answer that any email sent by the Office of the President of SRU on April 4, 2022 speaks for itself.  Any remaining allegations in Paragraph 113 of the Plaintiff's Amended Complaint are denied.

114.     The Defendants admit that Michael Zeig was appointed as interim SRU provost after the Plaintiff was removed from that role.  Any remaining allegations in Paragraph 114 of the Plaintiff's Amended Complaint are denied.

115.     The Defendants answer that any letter sent on April 8, 2022 to President Behre and/or others speaks for itself.  Any remaining allegations in Paragraph 115 of the Plaintiff's Amended Complaint are denied.

116.     The Defendants answer that any writing to the Chancellor of the PASSHE on April 25, 2022 speaks for itself.  Any remaining allegations in Paragraph 116 of the Plaintiff's Amended Complaint are denied.

117.     Admitted.

118.     The Defendants admit that the Plaintiff was separated for multiple reasons related to a loss of confidence and trust, but deny that such reasons were in any way pretextual, false, or not justified.

119.     Denied.

120.     Denied.

121.     Denied.

122.     The Defendants admit that on February 21, 2022, Dr. Mohammadi sent a letter to the PASSHE Chancellor's office.  By way of further answer, the letter speaks for itself.  Any remaining allegations in Paragraph 122 of the Plaintiff's Amended Complaint are denied.

123.     The Defendants admit that PASSHE engaged a nationally recognized auditing and accounting firm, CliftonLarsenAllen (CLA), to look into certain matters set forth in Dr. Mohammadi's February 21, 2022 letter to the PASSHE Chancellor's office, as it was already performing services for PASSHE under an existing contract.

124.     Denied.

125.     The Defendants admit that Dr. Mohammadi was separated from employment with SRU by President Behre on April 20, 2022.  Any remaining allegations in Paragraph 125 of the Plaintiff's Amended Complaint are denied.

126.     Denied.

127.     Denied.

128.    The allegations in Paragraph 128 of the Plaintiff's Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, the Defendants deny the allegations in Paragraph 128 of the Plaintiff's Amended Complaint.

129.    The allegations in Paragraph 129 of the Plaintiff's Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, the Defendants deny the allegations in Paragraph 129 of the Plaintiff's Amended Complaint.

130.    Denied.

131.    The allegations in Paragraph 131 of the Plaintiff's Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, the Defendants deny the allegations in Paragraph 131 of the Plaintiff's Amended Complaint.

132.    The Defendants admit that the Plaintiff seeks a jury trial.

## VI.  COUNTS

**COUNT I:  RETALIATION FOR EXERCISE OF FREE SPEECH**
**Violation of 42 U.S.C. § 1983**
**Plaintiff Abbey Zink v. Defendant William Behre**

133.    The Defendants incorporate their responses to Paragraphs 1-132 above as if set forth compete and fully herein verbatim.

134.    The allegations in Paragraph 134 of the Plaintiff's Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, the Defendants deny the allegations in Paragraph 134 of the Plaintiff's Amended Complaint.

135.    The allegations in Paragraph 135 of the Plaintiff's Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, the Defendants deny the allegations in Paragraph 135 of the Plaintiff's Amended Complaint.

136.    The allegations in Paragraph 136 of the Plaintiff's Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, the Defendants deny the allegations in Paragraph 136 of the Plaintiff's Amended Complaint.

137.    Denied.

138.    The allegations in Paragraph 138 of the Plaintiff's Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, the Defendants deny the allegations in Paragraph 138 of the Plaintiff's Amended Complaint.

139.    Admitted.

140.    The allegations in Paragraph 140 of the Plaintiff's Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, the Defendants deny the allegations in Paragraph 140 of the Plaintiff's Amended Complaint.

141.    Denied.

142.    Denied.

143.    The allegations in Paragraph 143 of the Plaintiff's Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, the Defendants deny the allegations in Paragraph 143 of the Plaintiff's Amended Complaint.

144.    Denied.

145.    The Defendants deny the allegations in Paragraph 145 of the Plaintiff's Amended Complaint, including all of the allegations set forth in subparagraphs (a) through (h).

## COUNT II:  VIOLATION OF PROCEDURAL DUE PROCESS
### Violation of 42 U.S.C. § 1983
### Plaintiff Abbey Zink v. Defendant William Behre

146.    The Defendants incorporate their responses to Paragraphs 1-145 above as if set forth compete and fully herein verbatim.

147.    The allegations in Paragraph 147 of the Plaintiff's Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, the Defendants deny the allegations in Paragraph 147 of the Plaintiff's Amended Complaint.

148.    The  allegations in Paragraph 148 of the Plaintiff's Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, the Defendants deny the allegations in Paragraph 148 of the Plaintiff's Amended Complaint.

149.    The allegations in Paragraph 149 of the Plaintiff's Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, the Defendants deny the allegations in Paragraph 149 of the Plaintiff's Amended Complaint.

150.    The Defendants deny the allegations in Paragraph 150 of the Plaintiff's Amended Complaint, including all of the allegations set forth in subparagraphs (a) through (g).

### COUNT III:  VIOLATION OF SUBSTANTIVE DUE PROCESS
#### Violation of 42 U.S.C. § 1983
#### Plaintiff Abbey Zink v. Defendant William Behre

151.    The Defendants incorporate their responses to Paragraphs 1-150 above as if set forth compete and fully herein verbatim.

152.    The allegations in Paragraph 152 of the Plaintiff's Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, the Defendants deny the allegations in Paragraph 152 of the Plaintiff's Amended Complaint.

153.    The allegations in Paragraph 153 of the Plaintiff's Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, the Defendants deny the allegations in Paragraph 153 of the Plaintiff's Amended Complaint.

154.    The Defendants deny the allegations in Paragraph 154 of the Plaintiff's Amended Complaint, including all of the allegations set forth in subparagraphs (a) through (g).

**COUNT IV:  RETALIATION**
**Violation of 42 U.S.C. § 1981 through 42 U.S.C. § 1983**
**Plaintiff Abbey Zink v. Defendant William Behre**

155.    The Defendants incorporate their responses to Paragraphs 1-154 above as if set forth compete and fully herein verbatim.

156.    The Defendants admit that the Plaintiff has sued President Behre, at least in part, in his individual capacity for money damages, but deny that they are liable to the Plaintiff for any form of damages for any reason.

157.    The allegations in Paragraph 157 of the Plaintiff's Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, the Defendants deny the allegations in Paragraph 157 of the Plaintiff's Amended Complaint.

158.    The allegations in Paragraph 158 of the Plaintiff's Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, the Defendants deny the allegations in Paragraph 158 of the Plaintiff's Amended Complaint.

159.    The Defendants admit that the Plaintiff brings this cause of action under § 1981 through § 1983, but deny that they are liable to the Plaintiff under either § 1981 or § 1983.

160.    The allegations in Paragraph 160 of the Plaintiff's Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, the Defendants deny the allegations in Paragraph 160 of the Plaintiff's Amended Complaint.

161.    The Defendants admit that the Plaintiff was removed from her position as SRU Provost and separated from employment, but deny all remaining allegations in Paragraph 161 of the Plaintiff's Amended Complaint, including any allegation or implication that her removal and separation was in any way discrimination or retaliation for her association with and support of Dr. Mohammadi as alleged in Paragraph 160 of the Plaintiff's Amended Complaint.

162.     Denied.

163.     The Defendants deny that the Plaintiff is entitled to any of the relief sought in Paragraph 163 of the Plaintiff's Amended Complaint, or any other relief.

### COUNT V:  DISCRIMINATION ON THE BASIS OF SEX
### Violation of Title IX (20 U.S.C. § 1681)
### Plaintiff Abbey Zink v. Defendants Pennsylvania State System of Higher Education and Slippery Rock University of Pennsylvania

164.     The Defendants incorporate their responses to Paragraphs 1-163 above as if set forth compete and fully herein verbatim.

165.     The allegations in Paragraph 165 of the Plaintiff's Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, the Defendants admit the allegation in Paragraph 165 of the Plaintiff's Amended Complaint that Title IX prohibits federally funded institutions of education from engaging in discrimination on the basis of sex.

166.     Admitted.

167.     Admitted.

168.     Denied.

169.     Admitted in part; denied in part.  The Defendants aver that the Plaintiff was the first permanent Provost at SRU, but deny that she was the first female Provost at the University, as a woman previously served as SRU Interim Provost in 1998-99.

170.     The Defendants admit that the Plaintiff was removed from her position as SRU Provost and separated from employment, but deny all remaining allegations in Paragraph 170 of the Plaintiff's Amended Complaint.

171.     Denied.

172.     Denied.

173.     Denied.

174.     Denied.

175.     The allegations in Paragraph 175 of the Plaintiff's Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, the Defendants deny the allegations in Paragraph 175 of the Plaintiff's Amended Complaint.

176.     Denied.

177.     The Defendants deny that the Plaintiff is entitled to any of the relief sought in Paragraph 177 of the Plaintiff's Amended Complaint, or any other relief.

## COUNT VI:  VIOLATION OF THE PENNSYLVANIA WHISTLEBLOWER LAW
### Violation of 42 Pa. C.S. § 1423
### Plaintiff Abbey Zink v. Defendants Pennsylvania State System of Higher Education and Slippery Rock University of Pennsylvania and William Behre

178.     The Defendants incorporate their responses to Paragraphs 1-177 above as if set forth compete and fully herein verbatim.

179.     The allegations in Paragraph 179 of the Plaintiff's Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, the Defendants admit that a "whistleblower" is defined in 42 Pa. C.S. § 1422 as set forth in Paragraph 179 of the Plaintiff's Amended Complaint.

180.     The allegations in Paragraph 180 of the Plaintiff's Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, the Defendants admit that "wrongdoing" is defined in 42 Pa. C.S. § 1422 as set forth in Paragraph 180 of the Plaintiff's Amended Complaint.

181.    The allegations in Paragraph 181 of the Plaintiff's Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, the Defendants admit that "waste" is defined in 42 Pa. C.S. § 1422 as set forth in Paragraph 181 of the Plaintiff's Amended Complaint.

182.    The allegations in Paragraph 182 of the Plaintiff's Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, the Defendants admit that an "employee" is defined in 42 Pa. C.S. § 1422 as set forth in Paragraph 182 of the Plaintiff's Amended Complaint.

183.    The allegations in Paragraph 183 of the Plaintiff's Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, the Defendants admit that an "employer" and "public body" are defined in 42 Pa. C.S. § 1422, in part, as set forth in Paragraph 183 of the Plaintiff's Amended Complaint.

184.    The allegations in Paragraph 184 of the Plaintiff's Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, the Defendants admit that the Plaintiff sets forth in Paragraph 184 of the Plaintiff's Amended Complaint certain provisions from 42 Pa. C.S. § 1423 pertaining to the protection of employees thereunder.

185.    The allegations in Paragraph 185 of the Plaintiff's Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, the Defendants deny the allegations in Paragraph 185 of the Plaintiff's Amended Complaint.

186.    The allegations in Paragraph 186 of the Plaintiff's Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, the Defendants deny the allegations in Paragraph 186 of the Plaintiff's Amended Complaint.

187.    The allegations in Paragraph 187 of the Plaintiff's Amended Complaint set forth legal conclusions to which no response is required.   To the extent a response is required, the Defendants deny the allegations in Paragraph 187 of the Plaintiff's Amended Complaint.

188.    The allegations in Paragraph 188 of the Plaintiff's Amended Complaint set forth legal conclusions to which no response is required.   To the extent a response is required, the Defendants deny the allegations in Paragraph 188 of the Plaintiff's Amended Complaint.

189.    The allegations in Paragraph 189 of the Plaintiff's Amended Complaint set forth legal conclusions to which no response is required.   To the extent a response is required, the Defendants deny the allegations in Paragraph 189 of the Plaintiff's Amended Complaint.

190.    Denied.

191.    Denied.

192.    Denied.

193.    Denied.

194.    After reasonable investigation, the Defendants are without sufficient information or belief as to the allegations in Paragraph 194 of the Plaintiff's Amended Complaint, and therefore deny them.

195.    The Defendants deny that the Plaintiff is entitled to any of the relief sought in Paragraph 195 of the Plaintiff's Amended Complaint, including the claims for relief set forth in subparagraphs (a) and (b), or any other relief.

WHEREFORE, the Defendants request that this Honorable Court deny and dismiss the Plaintiff's Complaint, Counts I through VI inclusive, with prejudice, and grant any other relief to the Defendants which this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      The Defendants had legitimate, rational, non-discriminatory, non-retaliatory and non-pretextual employment reasons for all actions taken with respect to the Plaintiff.

3.      The Defendants were at all times acting in good faith, an objectively reasonable manner, and with a reasonable belief in the lawfulness of its actions.

4.      Any injuries or losses suffered by the Plaintiff, to the extent any losses or injuries are proven, are the direct result in whole or in part of her own job performance, misconduct, actions or omissions.

5.      The Defendants were at all times acting pursuant to a duty required or authorized by statute or regulation; and, therefore, any actions taken were within the discretion granted to it by statute or statutorily authorized regulations.

6.      The claims asserted in the Complaint are barred, in whole or in part, by applicable statute of limitations.

7.      The claims asserted in the Complaint are barred by the doctrine of sovereign immunity and/or by 11th Amendment immunity, and the Plaintiff's claims against the Defendants do not fall within any categories of exceptions to the bar to sovereign immunity.

8.      The Defendants did not deprive Plaintiff of any rights, privileges, or immunities secured to her by the Constitution or laws of the United States.

9.      The Plaintiff was not treated differently than any other similarly situated employee.

10.     The Plaintiff did not engage in any protected activity at any relevant time to the allegations in the Complaint, and/or failed to provide requisite notice to Defendants of any unlawful employment practice.

11.     The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of waiver, estoppel, accord and satisfaction, and unclean hands,.

12.     All pertinent conduct and action taken by the Defendants was done in accordance with all established and existing laws, rules, regulations, statutes, and constitutions of the United States and the Commonwealth of Pennsylvania.

13.     The Plaintiff is not entitled to recover punitive damages against the Defendants in connection with any cause of action she raises because the Plaintiff has failed to set forth sufficient allegations to support such a claim, and because the Defendants made no actions or omissions toward the Plaintiff which would support an award of punitive damages.

14.     The Plaintiff's claim for punitive damages under Section 1981 is in violation of and is precluded by the United States Constitution.

15.     The Plaintiff's damages, if any, are barred or limited by her failure to properly mitigate them.

16.     If the Plaintiff suffered any damages as alleged, then such damages were caused by the Plaintiff's own conduct and/or negligence or reckless conduct and not by any conduct or any civil rights violations on the part of the Defendants.

17.     Defendant Behre is entitled to qualified immunity on Plaintiff's claims under 42 U.S.C. § 1983.

18.     The Defendants invoke all applicable immunity defenses under state and federal law.

19.      The Plaintiff's claims for First Amendment retaliation fail because the Plaintiff did not engage in conduct protected by the First Amendment.

20.      The Defendants did not engage in any conduct which deprived the Plaintiff of her right to engage in protected speech.

21.      The Plaintiff's claims for First Amendment retaliation fail because there is no causal connection between any allegedly protected conduct and any alleged adverse employment action.

22.      The Defendants' alleged conduct in reference to the Plaintiff was entirely unrelated to any protected speech in which Plaintiff may have engaged.

23.      The Plaintiff's claims for First Amendment retaliation fail because the same action would have been taken even if the alleged protected conduct had not occurred. *See Dougherty v. School Dist. of Philadelphia*, 772 F.3d 979, 986 (3d Cir. 2014).

24.      The Defendants provided all due process to which the Plaintiff was entitled.

25.      During her employment or at any other time, the Defendants did not engage in waste or wrongdoing within the meaning of the Pennsylvania Whistleblower Law, 42 Pa. C.S. §1421 *et seq.*

26.      During her employment, the Plaintiff did not make a report nor was about to report, in good faith or otherwise, of waste or wrongdoing within the meaning of the Pennsylvania Whistleblower Law, 42 Pa. C.S. §1421 *et seq.*

27.      No adverse employment or other actions were taken against the Plaintiff by the Defendants because she made or was about to make a good faith report of waste or wrongdoing. within the meaning of the Pennsylvania Whistleblower Law, 42 Pa. C.S. §1421 *et seq.*, and instead

28.	The Defendants assert every defense available to it in the existing Civil Rights Act, 42 U.S.C. § 1983.

29.	The Defendants reserve the right to assert additional affirmative defenses as may arise in connection with facts obtained through discovery.

30.	The Plaintiff has not set forth sufficient allegations to justify any form of declaratory or injunctive relief, including but not limited to reinstatement.

**JURY DEMAND**

The Defendants demand a jury trial on all issues.

**CLARK HILL PLC**

Dated:  October 27, 2022	By:	/s/ Mario R. Bordogna
Mario R. Bordogna, Esquire
Pa  I.D. No. 80905
301 Grant Street – 14th Floor
Pittsburgh, PA 15219
(412) 394-2487
(412) 394-2555 (facsimile)
mbordogna@clarkhill.com

Amy H. McCrossen, Esquire
Pa  I.D. No. 327676
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219
(412) 394-7743
(412) 394-2555 (facsimile)
amccrossen@clarkhill.com

*Counsel for Defendants The Pennsylvania State System of Higher Education, Slippery Rock University of Pennsylvania, and William Behre*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS' SLIPPERY ROCK UNIVERSITY OF PENNSYLVANIA, PENNSYLVANIA STATE SYSTEM OF HIGHER EDUCATION, AND WILLIAM J. BEHRE TO PLAINTIFFS' AMENDED COMPLAINT** has been served upon all counsel of record this 27th day of October, 2022, via the court's CM/ECF Filing System:

James B. Lieber, Esq.
Thomas M. Huber, Esq.
James B. Lieber, Esq.
Lieber Hammer Huber and Paul, P.C.
1722 Murray Ave., 2nd Floor
Pittsburgh, PA 15217

**CLARK HILL PLC**

/s/ *Mario R. Bordogna*
Mario R. Bordogna

*Counsel for Defendants The Pennsylvania State System of Higher Education, Slippery Rock University of Pennsylvania, and William Behre*