IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABBEY ZINK, PH.D., | ) |
| | ) |
|             Plaintiff, | ) |
| | ) |
|     v. | ) No. 2:22-cv-1170-WSH |
| | ) |
| THE PENNSYLVANIA STATE | ) |
| SYSTEM OF HIGHER EDUCATION, | ) |
| SLIPPERY ROCK UNIVERSITY | ) |
| OF PENNSYLVANIA, and | ) |
| WILLIAM BEHRE, | ) |
| | ) |
|            Defendants. | ) |

**PROTECTIVE ORDER**

AND NOW, upon the request of the parties in the above-captioned action, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby enters the following protective order to facilitate discovery in this action and to protect confidential or sensitive information produced in discovery by restricting its dissemination and use.

**1. Protected Information**

    a)    "Protected Information" is any information produced in discovery in this action, either before or after the entry of this Order, which is within or derived from the following categories of information:

        i)    All documents specifically "Designated" as "Confidential" under Paragraph 2;

        ii)    Whether "Designated" or not, all personnel records, medical information, and student records, including but not limited to those protected by the Family Educational Rights and Privacy Act of 1974, as amended;

      iii)     Whether "Designated" or not, all documents set forth in any Privilege Log prepared and provided to a party in the case, with the understanding that any classification or definition of such documents or information as "Protected Information" does not remove or waive privileges associated therewith.

**2. Designation of Protected Information**

    a)     "Protected Information" consists of any documents or information that the producing party or non-party "Designates" as "Confidential."

    b)     A party or non-party producing Protectable Information may "Designate" that information as "Confidential" through one of three mechanisms:

      i)     For documents produced in discovery, including sworn statements and responses to written discovery requests, including documents or other information produced, by marking the pages of the document as "CONFIDENTIAL" or by using some similar designation;

      ii)     For Protectable Information stored in a medium that makes such stamping impracticable (such as computer data), by stamping or marking the casing or housing of the medium as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER in W.D. Pa. Case No. 2:22-CV-1170; or

      iii)     For depositions, by providing written notice indicating the page and line numbers of the transcript that are to be treated as "CONFIDENTIAL"; such written notice shall be provided within 21 days of the preparation of the transcript to all persons either in attendance at the deposition or known to have possession or custody of the deposition transcript; and for the period between the time of deposition and 21 days following its transcription, the contents of the deposition shall be treated as Protected Information.

    c)     Information copied or derived from "Protected Information" also constitutes "Protected Information."

    d)     This Protective Order does not confer a right to any person who receives information in discovery to "Designate" that information as "Protected Information"; if a person wishes to secure some degree of protection for information it receives in discovery, that should be addressed through separate motion.

e)      Inadvertent failure to "Designate" a document, information, or testimony shall not operate as a waiver of the right to make such designation when the error is discovered. In that event, the producing party shall give written notice to the receiving party that the producing party claims such information or material to be, in whole or in part, privileged, confidential or otherwise "Protected Information" and wishes to designate it formally accordingly. Upon receipt of such notice, the receiving party shall cease to make any additional copies of any information or material in the inadvertent production and, within fifteen (15) days, (a) return to the producing party or destroy and certify in writing to the producing party that all copies thereof in their possession or control have been returned or destroyed or (b) object in writing to the producing party's assertion of privilege or protection, setting forth the basis for the objection. In either case, following issuance of the written notice by the producing party, no "Protected Information," privileged, or confidential material shall thereafter be used by the receiving party until such further Order of Court, and should the receiving party object to the producing party's assertion that "Protected Information" has inadvertently been produced, it shall be the producing party's burden to promptly move the Court for an order, under seal, compelling the return of the "Protected Information."

**3.  Permissible Uses and Required Maintenance of Protected Information**

a)      Any person receiving "Protected Information" shall use it only for purposes of this action.

b)      Any person receiving "Protected Information" shall take reasonable efforts to safeguard its confidentiality as well as the confidentiality of copies and derivations of it.

    c)    Any person receiving "Protected Information" may not disclose or disseminate it except to the following persons, as appropriate and/or necessary:

        i)    The Court, including any appellate court or tribunal responsible for adjudicating claims or defenses related to this action, as well as court personnel and court reporters;

        ii)    Counsel of record for the parties;

        iii)    Witnesses at deposition;

        iv)    Persons regularly in the employ of counsel for the parties who have a need to use the "Protected Information" in the performance of their responsibilities related to this action;

        v)    Parties to this action as well as their officers, directors, in-house counsel, and employees who have a need to use the "Protected Information" in the performance of their responsibilities related to this action;

        vi)    Consultants and expert witnesses consulted, retained, or hired by any party to this action, but only to the extent that they need "Protected Information" to elicit their expert report, opinion, testimony, and/or consultation regarding this action;

        vii)    Outside contractors hired by a party (or counsel for a party) to copy, image, sort, review, or otherwise manage the storage and retrieval of the "Protected Information"

    d)    Before any person identified in subparagraphs (c)(iii)-(vii) may receive Protected Information, that person must be provided a copy of this Protective Order.

**4. Filing Protected Information**

    a)    Any party or non-party seeking to file a document under seal must comply with the Court's Local Civil Rules and this Order.

    b)    If any party or non-party seeks to file "Protected Information" with the Court or to use "Protected Information" in open court *before* trial, then that party or non- party shall either (1) receive consent to file on the public docket or use the Protected Information in open

4

court from the producing party or non-party, (2) move to file the Protected Information under seal, or (3) move to de-designate the Protected Information.

   c)  All proposed stipulated protective Orders shall include the following provision: "Pursuant to this Order, whenever a party intends to file Protected Information or other such material with the Court that the party desires to be filed under seal, or reasonably believes another party desires it be filed under seal, such party shall first file a motion for leave to file such materials under seal, and shall first confer with all other parties as to their consent or opposition and certify that the conferral occurred and state whether each party consents or opposes the motion."  Whenever a party intends to file with the Court exhibits, transcript excerpts, affidavits, declarations, or related motions or briefing that include and/or quote from such materials containing information that the party desires be filed under seal or reasonably believes another party desires be filed under seal, such party shall file a motion for leave to file such materials under seal provisionally.  The party filing such provisional motion shall first confer with all other parties as to their consent or opposition, and the motion shall certify that the conferral occurred and state whether each party consents to or opposes the motion specified portions thereof.  Upon cause shown by any party (including the party filing the provisional motion) who opposes the sealing of specified material contemplated by the provisional motion, the Court will establish deadlines for the party or parties desiring to keep such provisionally sealed materials sealed to file supplemental briefing that sets forth the specific factual and legal basis and necessity for sealing, with particularity as to each item to be sealed, in accordance with prevailing law.  Any party or other person with a recognized interest may file a response thereto.  No replies shall be filed absent leave of Court.  Any provisional motion to seal shall also be accompanied by a proposed order that includes the

following: "This Order may be vacated and sealing lifted for cause shown upon the motion of any party or other person with a recognized interest, or after due notice by the Court upon the Court's own motion." If a party or other personal with a recognized interest wishes to file such a motion to unseal, that party must first confer with the parties as to whether specified materials should be unsealed or remain sealed and such motion shall certify that the conferral occurred and state whether each party consents to or opposes the motion or specified portions thereof. Thereafter, and in accordance with deadlines established by further order of Court, any party who opposes such motion to unseal those materials must set for the specific factual and legal basis and necessity for sealing, with particularity as to each item to remain sealed, in accordance with prevailing law, and any party or other person with a recognized interest may file an opposition thereto.

**5.  Challenging a Designation**

a) A party that receives "Protected Information" may challenge the "Designation" of that information through a Motion to De-designate. In the event such a Motion is filed, the party assigning a "Designation" to "Protected Information" shall have the ultimate burden of establishing the propriety of the "Designation."

b) A Motion to De-designate must contain a certification of counsel that describes the efforts taken to resolve the designation issue without court intervention; if the required description does not evidence reasonable and good faith efforts, the motion to De-designate may be summarily denied.

c) If a party seeks to include "Protected Information" as an exhibit to a Motion to De-designate, the party shall file a provisional motion to seal the exhibit.

6

6. **Obligations Upon Termination of this Action**

    a)    "Termination" of this action occurs on either (i) the date of dismissal of this action pursuant to a settlement agreement or the filing a notice of voluntary dismissal, or (ii) the date upon which all appellate rights expire following final disposition or judgment of this action.

    b)    Upon "Termination," no party or non-party may "Designate" additional information as confidential in connection with the matter.

    c)    After 30 days following "Termination," no person may move to De-designate "Protected Information."

    d)    Within 60 days of "Termination," each person who has received "Protected Information," except those identified in subparagraph 3(c)(i), must return or destroy all such documents, information, copies, or derivations thereof, which have not been made public in Court or which have otherwise been subject to agreed-upon public disclosure  If destruction is elected, the destroying person must provide written confirmation of such destruction to all parties and/or other parties of record.

/s/ ***W. Scott Hardy***
W. Scott Hardy
United States District Judge

Dated: June 16, 2023

cc/ecf:  All Counsel of Record